**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CAROLE L. FISHER,**

                              **Plaintiff,**

    **vs.**                                                 **5:14-cv-01498
                                                                   (MAD/DJS)**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

                              **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**STANLEY LAW OFFICE, LLP**          **JAYA A. SHURTLIFF, ESQ.**
215 Burnet Avenue
Syracuse, New York 13203
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **DAVID L. BROWN, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Carole L. Fisher ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking a review of the Commissioner of Social Security's (the "Commissioner") decision to deny her application for Disability Insurance Benefits ("DIB") under the Social Security Act, 42 U.S.C. § 401 *et seq.* *See* Dkt. No. 1. The matter was referred to United States Magistrate Judge Daniel J. Stewart for a Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Magistrate Judge Stewart recommended that this Court affirm the decision of the Commissioner, denying Plaintiff's application for benefits, and dismiss

Plaintiff's complaint. *See* Dkt. No. 18. Presently before the Court is Magistrate Judge Stewart's March 11, 2016 Report-Recommendation and Order. *See* Dkt. No. 18.

Plaintiff protectively filed an application for DIB on December 27, 2011. *See* Dkt. No. 9, Administrative Transcript ("T.") at 90, 177-81, 204. Plaintiff's application was initially denied on April 26, 2012, and Plaintiff requested a hearing before an Administrative Law Judge. *See id.* at 90-94, 98-100. A disability hearing was conducted on May 14, 2013 by Administrative Law Judge Barry Ryan (the "ALJ"). *See id.* at 44-81. The ALJ found that Plaintiff was not disabled in a decision dated January 8, 2010, and the Appeals Council denied Plaintiff's request for review on November 25, 2014 thereby rendering the ALJ's decision the Commissioner's final decision. *See id.* at 1-5, 19-43.

On December 11, 2014, Plaintiff commenced this action seeking judicial review of the Commissioner's decision. *See* Dkt. No. 1. The parties have cross moved for judgment. *See* Dkt. No. 10, 16. Plaintiff makes the following arguments: (1) the RFC was based on an improper evaluation of the medical evidence by the ALJ; (2) the ALJ improperly evaluated Plaintiff's credibility; and (3) a vocational expert's opinion was required at step five of the disability analysis. *See* Dkt. No. 10 at 7-24. Defendant maintains that the ALJ applied the correct legal standards in determining that Plaintiff is not disabled and that his decision is supported by substantial evidence. *See* Dkt. No. 16 at 4-21.

In a Report-Recommendation and Order dated March 11, 2016, Magistrate Judge Stewart found that the ALJ used the correct legal standards in weighing the medical evidence in the administrative transcript and in assessing Plaintiff's credibility. *See* Dkt. No. 18 at 7-33. Magistrate Judge Stewart found that, in evaluating the medical evidence on Plaintiff's physical RFC, the ALJ did not commit any legal errors in weighing the opinion of Plaintiff's treating

physician, Dr. Harminder Grewal, M.D., and the opinion of a consultative physician, Dr. Elke Lorensen. *See id.* at 14-17. Magistrate Judge Stewart also found that the ALJ properly rejected those portions of the opinion rendered by Dr. Steven Goldstein, M.D., an impartial medical expert, that were inconsistent with the record. *See id.* at 17.

In the recommendation to affirm the ALJ's mental RFC determination, Magistrate Judge Stewart correctly stated that there is no *per se* error committed when a finding in the psychiatric review technique at step two does not equate to a finding in the RFC because the two assessments serve different purposes in the disability analysis. *See id.* at 21-22. Further, Magistrate Judge Stewart also correctly stated that the ALJ is not bound to accept every conclusion in a medical opinion so long as the RFC assessment is supported by substantial evidence, which it was here. *See id.* at 22-23. With regard to the disability finding rendered by the Veteran's Administration, the Court agrees with Magistrate Judge Stewart's statement that the Commissioner, after giving consideration to the findings of another agency, is not bound by those findings. *See id.* at 24-25. As noted by Magistrate Judge Stewart, the ALJ specifically stated that he considered that finding and is not bound by it. *See* T. at 36.

In addressing Plaintiff's argument that the ALJ did not properly assess her credibility, Magistrate Judge Stewart correctly concluded that the ALJ followed the regulations and committed no legal error in determining that Plaintiff was only partially credible in her description of her symptoms. *See* Dkt. No. 18 at 26-28. After evaluating the evidence in the record, Magistrate Judge Stewart found that Plaintiff's non-exertional limitations did not significantly erode her ability to do unskilled work. *See id.* at 28-33. Therefore, it was appropriate for the ALJ to rely upon the vocational guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2

3

(2008), to determine that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *See id.*

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *See Wagner*, 906 F.2d at 860; *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and internal quotation marks omitted). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984). However, a court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence, as "application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.; Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

In the present matter, having carefully reviewed Magistrate Judge Stewart's Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Stewart correctly determined that (1) the RFC was supported by substantial evidence and the ALJ applied the correct legal standards in weighing the medical evidence, (2) the ALJ properly assessed Plaintiff's credibility, and (3) it was appropriate to rely on the vocational guidelines in determining that there are jobs available for Plaintiff in the national economy. As such, the Court finds that Magistrate Judge Stewart correctly determined that the decision of the Commissioner should be vacated and the matter be remanded.

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's March 11, 2016 Report-Recommendation and Order (Dkt. No. 18) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  March 29, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge